# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6861 | **DATE** | 5/14/2003 |
| **CASE TITLE** | Joel A. Barnes vs. American Warehousing Services | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at __.____.

(5) ■ Status hearing set for 6/12/2003 at 10:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant Barnes' motion to reconsider (19-1) our order of February 12, 2003. Accordingly, we amend the February Order to reflect our denial of Barnes' IFP application while voiding our earlier dismissal of his complaint. Case reinstated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAY 1 5 2003 | | 32 |
| | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| | | | 5/14/2003 | | |
| GL | courtroom deputy's initials | | date mailed notice | | |
| | | | GL | | |
| | | | mailing deputy initials | | |

Date/time received in
central Clerk's Office

MAY 1 5 2003

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOEL A. BARNES, )<br><br>Plaintiff, )<br><br>v. )<br><br>AMERICAN WAREHOUSING SERVICES, INC. )<br>and THE GILLETTE CO. )<br><br>Defendants. ) | Case No. 02 C 6861 |

### MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Joel A. Barnes' motion to reconsider our order of February 12, 2003 in which we dismissed Barnes' complaint without prejudice for his failure to pay the prescribed filing fee. For the reasons set forth below, we grant Barnes' motion.

### FACTS

On June 26, 2002, the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights letter ("Right to Sue Letter") to Barnes in response to a Charge of Discrimination he had filed with the EEOC on January 3, 2002. Barnes received the Right to Sue Letter on July 1, 2002. The Right to Sue Letter informed Plaintiff that, under Title VII, he was required to bring suit within 90 days of his receipt of the Letter, September 29, 2002, or lose his right to sue. Barnes filed a complaint before this Court on September 25, 2002 in which he alleged Defendants American Warehousing Services, Inc. ("AWS") and the Gillette Company ("Gillette") discriminated against him on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") and 42 U.S.C. §1981 and that a state or local government agency discriminated against him on the basis of his race, color or national origin in violation of 42 U.S.C.

32

§1983. In conjunction with his complaint, Barnes filed an application to proceed *in forma pauperis* ("IFP"), as well as a motion for appointment of counsel. On November 18, 2002, attorney Charles Drake Boutwell filed an appearance on behalf of Barnes. Boutwell's appearance was entered into the case file on November 19, 2002.

On November 22, 2002, this Court issued an order (the "November Order") in which we refrained from ruling on Barnes' IFP application because of Barnes' failure to provide specific information on which we could determine Barnes' ability to pay the court fees. We ordered Barnes to file with the Court, no later than December 10, 2002, a supplemental letter providing more detailed information regarding his finances. We also denied Barnes' motion for appointment of counsel because he had failed to detail his efforts to secure counsel. Our staff mailed notice of the November Order to the parties and entered the Order into the case file on November 26, 2002. Barnes did not subsequently comply with the November Order. As a result, on February 12, 2003, this Court issued an order (the "February Order") dismissing Barnes' complaint without prejudice for his failure to pay the prescribed filing fee. We noted that Barnes could refile his complaint upon successfully applying to proceed *in forma pauperis* or upon paying the filing fee on his own. Barnes paid the filing fee on February 13, 2003, 227 days after he received the Right to Sue Letter from the EEOC. Barnes has not since refiled his complaint against either defendant.

## ANALYSIS

The Federal Rules of Civil Procedure ("FRCP") provide two avenues through which litigants may seek reconsideration of orders by the district court. Any motion "challenging the merits of the district court's decision . . . must fall under either Rule 59(e) or Rule 60(b)" of the FRCP. *United States of America v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Rule 59(e) allows a district court to entertain a motion to alter or amend a judgment within ten business days of the entry of the judgment. It is well

2

settled law that motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Such motions "do not give a party the opportunity to rehash old arguments or to present new arguments that could or should have been presented to the district court prior to the judgment." *Anzaldua v. Chicago Transit Authority*, 2003 WL 124462 *1 (N.D.Ill. Jan. 14, 2003) (citations and internal quotations omitted).

Barnes has not provided this Court with any new evidence to indicate that he paid the filing fee prior to the February Order. Rather, Barnes asks us to reconsider our dismissal because neither he nor his counsel, Boutwell, received notice of our November Order. This Court's records confirm that notice of the November Order was mailed by our staff. Where "the records of the clerk of the court indicate that notice of the court's action was mailed to the plaintiff, *the court presumes in the absence of evidence to the contrary* that the clerk in fact mailed and the postal service delivered to plaintiff notice of the court's action." *Trinidad v. Peter Eckrich & Sons*, 1986 WL 11676 *1 (N.D.Ill Oct. 8, 1986) (emphasis added). Here, there is evidence which negates the presumption that notice was delivered to Barnes – the affidavits of Barnes and Boutwell in which they aver that they never received notice of the November Order. Boutwell states that he learned of the November Order during a phone conversation with our minute clerk the week of February 10, 2003. Boutwell paid the filing fee on February 13, 2003, one day after our entry of the February Order.

Local Rule 3.3(e) permits this Court to apply whatever sanctions we determine necessary, including dismissal of the action, for a party's failure to pay the required filing fee. In accordance with our discretion under the Rule, we dismissed Barnes' complaint on February 12, 2003 because of his failure to pay the required filing fee. In light of the affidavits of Barnes and Boutwell, however, we no longer view dismissal of Barnes' complaint as the appropriate sanction. Instead, we amend the February

3

Order under FRCP 59(e) to reflect our denial of Barnes' IFP application while voiding our earlier dismissal of his complaint.

A Title VII plaintiff must file his suit within 90 days from the date the EEOC gives notice of his right to sue. *See, e.g., Bobbitt v. The Freeman Co.'s,* 268 F.3d 535, 538 (7th Cir. 2001). In order to properly file a complaint in this jurisdiction, the complaint must be accompanied either by the appropriate fee or an IFP petition." L.R. 3.3(b). The filing of a complaint based on an EEOC Right to Sue Letter accompanied by an IFP application merely suspends the running of the 90-day limitations period. *See Williams-Guice v. Bd. of Educ. of the City of Chicago,* 45 F.3d 161, 164-65 (7th Cir. 1995). The limitations period begins to run again once the IFP petition is denied. *See id.* The EEOC issued Barnes his Right to Sue Letter on June 26, 2002. Barnes filed his complaint and his IFP application on September 25, 2002, four days before the expiration of the 90-day limitations period. Pursuant to our amendment of the February Order, we denied Barnes' IFP application on February 12, 2002. Barnes paid the filing fee on February 13, 2003, three days before the expiration of the 90-day limitations period. Barnes' complaint is therefore properly filed before this Court.

## CONCLUSION

For the foregoing reasons, we grant Barnes' motion to reconsider our order of February 12, 2003.

Accordingly, we amend the February Order to reflect our denial of Barnes' IFP application while voiding

our earlier dismissal of his complaint

MARVIN E. ASPEN
United States District Judge

Dated _5/14/03_